IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02173-RPM

TRAVIS O'NEIL;
LAURA KEARL O'NEIL; and
CORD IIAMS, a minor child, by and through his grandfather and next friend
DAVID IIAMS,

        Plaintiffs,

v.

WEST CHEYENNE FIRE PROTECTION DISTRICT, by and through its
 BOARD OF DIRECTORS;
DARREL SCHALLENBERGER, and any other so situated, in his official capacity as
 CHAIRMAN OF THE BOARD OF DIRECTORS FOR THE WEST CHEYENNE FIRE
 PROTECTION DISTRICT;
PENNY MCPHERSON, and any other so situated, in her official capacity as
 FIRE CHIEF FOR THE WEST CHEYENNE FIRE PROTECTION DISTRICT;
TROY R. SMITH, individually and in his official capacity as a volunteer fireman;
RONALD B. CROCKER, individually and in his official capacity as a volunteer fireman;
BARRY MAYHAN, individually and in his official capacity as a volunteer fireman; and
JASON C. RANDEL, individually and in his official capacity as a volunteer fireman,

        Defendants.

_____

ORDER OF DISMISSAL AS TO DEFENDANTS WEST CHEYENNE FIRE
PROTECTION DISTRICT, DARREL SCHALLENBERGER AND PENNY McPHERSON
_____

This civil action was initiated by a complaint filed on October 27, 2005. A first amended complaint was filed on November 17, 2005. The defendants West Cheyenne Fire Protection District, Darrell Schallenberger and Penny McPherson filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on January 20, 2006. The plaintiffs filed their response on March 10, 2006, together with a motion for leave to amend the

complaint and tendered a second amended complaint. The moving defendants filed their reply on April 7, 2006.

The plaintiffs' complaint and first amended complaint allege jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601, *et seq.*, as well as 42 U.S.C. § 1983. There is nothing in the plaintiffs' pleadings which suggest any claim under the Family Medical Leave Act, 29 U.S.C. § 2601. 42 U.S.C. § 1983 does not concur jurisdiction but simply establishes a claim for damages for a violation of federal law, including the United States Constitution. The plaintiffs do plead for relief under 42 U.S.C. § 1983 that the plaintiffs' rights protected by the United States Constitution were violated, specifically "rights to due process and to privacy in their home."

The factual allegations in the first amended complaint detail the activities of defendants Troy R. Smith, Ronald B. Crocker, Barry Mayhan and Jason C. Randel, volunteer firemen for the West Cheyenne Fire Protection District after a meeting at the District's fire station on October 27, 2004, which involved an illegal raid on the plaintiffs' home on the suspicion that it contained a methamphetamine laboratory. Those actions included tortious conduct, giving rise to the common law claims for relief asserted in the first amended complaint.

The deficiency in the first amended complaint in stating any claim for relief under 42 U.S.C. § 1983 is the failure of the plaintiffs to show facts giving rise to a finding that the individual defendant firefighters were acting under color of state law. The plaintiffs have alleged that the four volunteer fighters wore firefighter gloves, used two-way radios that are used in firefighting activities and occupied vehicles identified or tagged

as volunteer firefighter vehicles.  The plaintiffs also allege that the accused defendants were motivated by the District's policy and practice of emphasizing responses to the presence of hazardous materials and cooperation with law enforcement agencies.  Finally, the plaintiffs allege that the firefighters were intoxicated as a result of drinking beer at the fire station where, it is said, a beer refrigerator is maintained with the approval of the District.  Accepting all of these allegations as true, they do not support the Section 1983 claim because there is no indication that the defendants were acting within their official role as volunteer firefighters.  What appears is that these defendants are accused of what might be called a vigilante raid.   Even assuming that it could be considered that they were state actors through the course of events of the evening, there is no basis for liability of the District and its officers.  It is too speculative to suggest that the District's acceptance of a practice of consuming alcohol at the fire station and maintaining an alert for hazardous materials has a causal relationship to what is said to have transpired.

In their response, the plaintiffs concede that the moving defendants are immune from the tort liabilities alleged in the complaint under the Colorado Governmental Immunity Act.  There is no purpose in granting the plaintiffs' motion for leave to file an amended complaint because nothing contained in the proposed pleading is sufficient to show liability of these defendants.  It is therefore

ORDERED that the motion for leave to file the second amended complaint is denied and it is

FURTHER ORDERED that this civil action is dismissed as to the defendants

4

West Cheyenne Fire Protection District, Darrel Schallenberger, and Penny McPherson.

DATED: May 1st, 2006

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge